NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHUQIN LIU,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.    13-70423

Agency No. A089-773-572

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Shuqin Liu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").   Our jurisdiction is

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.   *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).   We dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to consider Liu's contentions regarding eligibility for CAT relief because she did not raise them to the BIA.   *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction over claims not presented in administrative proceedings below).

Substantial evidence supports the agency's adverse credibility determination based on Liu's omissions regarding having been kicked during her first interrogation and whether she was interrogated a second time during her detention, *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding"), as well as her contradictory explanation for her omission of the second interrogation, *Liu v. Holder*, 640 F.3d 918, 926 (9th Cir. 2011) (improbable explanation for omission undermined credibility).   *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under the totality of circumstances). We lack jurisdiction to consider Liu's due process claim, her contentions regarding demeanor, and her contentions that her detention, the passage of time, translation

13-70423

errors, or her lack of English proficiency caused her inability to testify credibly because she did not raise them to the BIA. *See Barron*, 358 F.3d at 678. In the absence of credible testimony, Liu's asylum and withholding of removal claims related to her past harm in China fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The agency, however, erred in its assessment of Liu's separate claims for relief based on her current church attendance because it appeared to fault her for not providing any witnesses to corroborate her church attendance in the United States without considering the corroborating evidence she did provide, namely the letters in the file from a pastor of the Temple City Immanuel Church of the Nazarene and a pastor of the United Chinese Christian Church. Thus, we grant the petition for review as to Liu's asylum and withholding of removal claims based on her current church attendance and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; and REMANDED.**