**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHUQIN LIU, | No. 17-70782 |
| Petitioner, | Agency No. A089-773-572 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**
Pasadena, California

Before:  THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Shuqin Liu, a native and citizen of China, petitions for review of a Board of

Immigration Appeals (BIA) decision affirming the Immigration Judge's (IJ) denial

of her asylum and withholding of removal claims, following remand from our

court to reconsider current church attendance evidence.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We deny the petition.

We partially granted Liu's first petition for review and remanded to the BIA to reconsider "Liu's asylum and withholding of removal claims based on her current church attendance," which we held the BIA had erroneously assessed "without considering the corroborating evidence she . . . provide[d]": two letters from pastors of churches in the United States. *Liu v. Lynch*, 653 F. App'x 891, 892 (9th Cir. 2016). We otherwise denied the first petition, including Liu's challenge to the agency's adverse credibility determination. *Id.* at 891–92.

Contrary to Liu's argument on appeal, we did not order the BIA to remand her case to the IJ for further proceedings. Substantial evidence supports the BIA's determination on remand that Liu failed to establish that she is currently a practicing Christian, notwithstanding the submission of two letters purporting to certify her church attendance. Liu's testimony was not credible. *See id.* at 891. The church letters were likewise not credible and were insufficient to corroborate her claim, as she could not explain discrepancies in the name of the first U.S. church she supposedly attended, and she failed to present any witness from either church. Liu therefore failed to establish a well-founded fear of persecution on account of her current church attendance. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) ("A well-founded fear of future persecution must be both 'subjectively genuine' and 'objectively reasonable.'" (quoting *Nagoulko v. INS*,

2

333 F.3d 1012, 1016 (9th Cir. 2003))).  The BIA made no improper findings of fact in reaching its conclusion.

As before, we lack jurisdiction to consider Liu's contentions regarding eligibility for CAT relief.  *Liu*, 653 F. App'x at 891 (citing *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004)).

**PETITION DENIED.**